Appeal by the defendant from a judgment of the County *866 Court, Suffolk County (Braslow, J.), rendered August 11, 2009, convicting him of burglary in the first degree (two counts), robbery in the first degree (four counts), criminal possession of a weapon in the second degree, and resisting arrest, upon a jury verdict, and imposing sentence.
Ordered that the judgment is reversed, on the law, and a new trial is ordered.
The defendant and his codefendant, Bernard Brothers, were jointly tried for offenses arising from a home invasion. The defendant contends that the trial court erred in denying his challenge for cause to two prospective jurors, because those prospective jurors had a state of mind that was likely to preclude them from rendering an impartial verdict based upon the evidence adduced at trial (see CPL 270.20 [1] [b]). For the reasons stated in our decision on the codefendant’s appeal (see People v Brothers, 95 AD3d 1227 [2012]), we agree with the defendant that the trial court erred in denying his challenge for cause to the two prospective jurors. Accordingly, the judgment must be reversed and a new trial ordered.
As the issue is likely to arise in the new trial, we note that the defendant’s contention that the trial court’s Sandoval ruling (see People v Sandoval, 34 NY2d 371 [1974]) was an improvident exercise of discretion is without merit (see People v Andujar, 101 AD3d 1039 [2012]; People v Robinson, 262 AD2d 505, 506 [1999]; People v Smith, 248 AD2d 568, 569 [1998]).
We further note that the trial court erred in failing to set forth specific reasons supporting its determination to sentence the defendant as a persistent felony offender, an omission that should not be repeated in the event of a conviction following the defendant’s new trial (see People v Bazemore, 52 AD3d 727 [2008]; People v Murdaugh, 38 AD3d 918 [2007]).
In light of our determination, we need not reach the defendant’s remaining contentions. Mastro, J.E, Austin, Cohen and Miller, JJ., concur.